IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT L. HILL,**

      **Petitioner,**

v.

**NOBLE CORRECTIONAL INSTITUTION,**

      **Respondent.**

**CASE NO. 2:07-cv-222**
**JUDGE GRAHAM**
**MAGISTRATE JUDGE KEMP**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court pursuant to its own motion to consider sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

According to the petition, this action involves petitioner's June 5, 2006, convictions in the Muskingum County Court of Common Pleas on breaking and entering and attempted theft, two fifth degree felonies. Petitioner states that he was sentenced to nine months incarceration. Petitioner states that he was unconstitutionally sentenced in Washington County, and then "P.V.ed" on this case in Muskingum County unconstitutionally; however, he does not appear to raise an issue regarding improper revocation of his parole. He never filed an appeal. He filed a state habeas corpus petition with the Ohio Supreme Court, in which he asserted that he was denied the effective assistance of counsel, that his sentence was contrary to law, and that he was unlawfully detained, "P.R.C. contrary to law." *Petition*, at 3. On February 28, 2007, the Ohio Supreme Court denied his habeas corpus petition.

On March 16, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denial of effective assistance of counsel.
>
> My counsel failed to raise any claim or support to the foregoing arguments, which denied me... the constitutional relief I am entitled to.
>
> 2. Sentence contrary to law.
>
> I should not be in prison for felony fives, nor on this case, due to ground three of this habeas action.
>
> 3. The lower court(s) lacked proper jurisdiction to support P.R.C.
>
> The lower courts lacked jurisdiction to sentence me, as well as issue P.R.C. which deprived me of my protected rights. P.R.C. was improperly given, which resulted in a second unconstitutional sentence and punishment.
>
> 4. My incarceration is unconstitutional.
>
> I am being held against the protections of the Constitution and laws.

**EXHAUSTION**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. §2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). But where alternative state remedies are available to consider the

same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

All of the foregoing claims appear to be claims that properly would be raised on direct appeal, and not in a state habeas corpus action.[1] Ohio does not permit issues that could have been litigated on appeal to be presented in habeas corpus proceedings.

> "[H]abeas corpus, like other extraordinary writ actions, is not available when there is an adequate remedy at law." *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 383, 667 N.E.2d 1194. *See, also*, *State ex rel. Fryerson v. Tate* (1999), 84 Ohio St.3d 481, 485, 705 N.E.2d 353; *State ex rel. Pirman v. Money* (1994), 69 Ohio St.3d 591, 593, 635 N.E.2d 26....
>
> A litigant may not use habeas corpus as a substitute for appeal. *See, e.g.*, *Ex parte Womack* (1960), 171 Ohio St. 392, 14 O.O.2d 150, 171 N.E.2d 514; *In re Piazza* (1966), 7 Ohio St.2d 102, 36 O.O.2d 84, 218 N.E.2d 459; *Bellman v. Jago* (1988), 38 Ohio St.3d 55, 526 N.E.2d 308; *Ellis v. McMackin* (1992), 65 Ohio St.3d 161, 602 N.E.2d 611.

*In re Coleman*, 95 Ohio St.3d 284 (2002). Further, petitioner still may pursue a delayed appeal pursuant to Ohio Appellate Rule 5(A):

> (1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

---

[1] An allegation that the Ohio Parole Board improperly revoked parole may be raised in a state habeas corpus action, or in a state petition for a writ of mandamus. *See Papenfus v. Tibbals*, 289 F.Supp.2d 897, 900-901 (N.D. Ohio Feb. 25, 2003), and cases cited therein. However it is not clear that petitioner raises any such claim herein. Further, assuming that he does, the remainder of his claims are unexhausted, in any event, since such claims are properly raised on direct appeal.

>    (a) Criminal proceedings;
>
>    (b) Delinquency proceedings; and
>
>    (c) Serious youthful offender proceedings.
>
>    (2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney

Further, the record does not reflect that a stay of proceedings is appropriate. *See Rhines v. Weber,* 544 U.S. 269 (2005).

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matt er to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge